## JOEL P. JENCKES v. EDMUND L. COOKE.

Pending an investigation at law into the title to real estate, the occupancy of the party in possession will not be disturbed by a court of equity, on a motion for preliminary injunction.

PETITION in equity for an interlocutory order.

The complainant, having filed his bill in equity against the defendant, on the first of May, obtained, on the 19th of May, an interlocutory order of the Court, enjoining the defendant from prosecuting, until the further order of this Court, an action then pending in a special Court of Common Pleas, against the complainant, for recovery of possession of a certain farm in Cumberland, particularly described and bounded in the said bill. The farm was one which the complainant inherited from his father, but which had, some two years before, been bought by the defendant at a sale under a mortgage deed executed by the complainant. The bill charged that the estate was, in fact, purchased by the defendant for the complainant, the defendant agreeing to convey the estate to the complainant upon certain conditions. It charged, also, that, in accordance with these conditions, the complainant had continued to occupy and improve the farm, since said sale, as before; and that the defendant, in fraud of his agreement and in violation of the trust reposed in him, had refused to convey said estate to him, and was striving to eject him from the described premises by the summary processes of a special Court. The allegations of fraud and bad faith were specifically and pointedly denied by the defendant, in his answer, which, together with many affidavits filed by the parties, was read at the hearing.

Subsequently, the complainant obtained leave, as of course under the rules, to amend his bill; and, on the 27th of June, filed his motion for a second or supplementary interlocutory order, which came on to be heard on the 14th of July.

The fact stated as the basis of the motion was, that the defendant refused to surrender to the complainant possession of a

certain pasture lot, which, though parcel of the estate purchased at the mortgagee's sale, was not included in the description of the estate in the bill as originally filed, nor in the description of the premises in the defendant's declaration in the special Court suit; and the motion, in terms, was, that the Court now (the bill having been amended by apt interlineations) order the defendant to deliver to the complainant the possession of the said tract of pasture land, and restrain him from disturbing that possession until the further order of the Court. It was, however, asserted, on behalf of the defendant, and conceded on the part of the complainant, that this pasture lot was not a portion of the estate, as originally inherited by the complainant, but was added thereto, by the complainant, by purchase; and further, that, as early as May, 1865, the pasture was virtually severed from the estate, by the joint action of the complainant and defendant, the defendant then appropriating to his own use the said pasture, which, from that time, he had occupied and improved for his own uses exclusively, the complainant being then satisfied with the occupancy, under a written lease from the defendant, of the premises now and of late in his possession, as described in the bill as originally drawn.

*T. C. Greene*, with whom was *R. W. Greene*, *in support of the motion*, contended that a denial of it would be a departure from the principles of equity jurisprudence, and from the established practice of courts vested with chancery powers, and especially inconsistent with the principle affirmed by the Court in the granting of the interlocutory order of the 19th of May.

*W. H. Potter*, *against the motion*, maintained that it was one without precedent in any court of equity or of law; and one in support of which no argument, entitled to be termed plausible even, could be framed. The Court, on the 19th of May, restrained the defendant from dispossessing the complainant, by a suit in ejectment: that was one case. The complainant now asks the Court to dispossess the defendant of a tract of land, which the defendant has held more than two years, under a deed from the complainant himself, and the actual occupancy of which, for more than a year past, he has enjoyed,—and this

by an interlocutory order, after the defendant has filed an answer under oath, in which every material allegation in the complainant's bill is pointedly denied. This is another case, as anybody can see, and nobody can fail to see.

BRADLEY, C. J. In this case a bill was brought, and the first motion for injunction allowed by the Court, upon the ground, as here stated, that we were satisfied, from the testimony as exhibited *ex parte* upon affidavit, that there was really a controversy between these parties, as to the title to the premises in question; and we thought it according to the ordinary course of equity in such cases, where there is a pending controversy between the parties, in a court of equity, to enjoin the party who had the legal title from proceeding to enforce that title.

A further motion is now made to us, upon the ground that a portion of the premises, which are a subject of litigation between these parties, was not included in the prior motion, because not included in the suit which was then enjoined. It seems that the other portion of the premises is in the possession of the defendant, and not in the possession of the plaintiff, and that he has been in such possession for considerably more than a year. It is pasture land, that has been used in connection with the homestead estate. We do not see but that the same principle adopted at the trial would apply to this motion, and oblige us to deny the motion which we allowed then, upon the ground that, pending the investigation into the validity of the title to these premises, the party should be allowed to remain in possession of the premises. That should not be disturbed unless there is some especial reason for disturbing that possession. We, therefore, are obliged to refuse this second motion for injunction.